IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Sahadeo Singh,
771 Spruce Road
Warminster, PA 18974
         Plaintiff

Vs.

Midland Credit Management
8875 Aero Drive, Suite 200
San Diego, California 92123
and
John Does 1-10
and
X,Y,Z Corporations
         Defendant

2011-04689

RECEIVED JUL 21 2011 BY: Cutmail

Jury Trial Demanded

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413



Case Number: 2011-04689   4
Receipt: Z513566   Judge: 30
Code: 720   Filing: 9541058
Patricia Bachtle - Bucks Co Prothonotary
B09   7/12/2011 11:10:19 AM



EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Sahadeo Singh,<br>771 Spruce Road<br>Warminster, PA 18974<br>　　　　　　　Plaintiff<br>Vs.<br>Midland Credit Management<br>8875 Aero Drive, Suite 200<br>San Diego, California 92123<br>and<br>John Does 1-10<br>and<br>X,Y,Z Corporations<br>　　　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 2011-04689<br><br>Jury Trial Demanded |

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq. (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA).

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Sahadeo Singh, an adult individual with a current address of 771 Spruce Road, Warminster, PA 18975, on behalf of herself and those similarly situated Plaintiffs.

8. Defendant is Midland Credit Management, a business engaged in consumer debt collection with a principle place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE: VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

11. The previous paragraphs are incorporated by reference and made a part of this complaint.

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted.

16. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

17. At a certain time, prior to 2011, Plaintiff engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

18. Plaintiff's account went into collections, and the account was referred to Defendant for the purpose of collection.

19. At no time did Plaintiff provide Defendant with Plaintiff's cell phone number.

20. At no time did Plaintiff provide the original creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

21. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

22. It is believed and averred that Defendant used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

23. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

24. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice Plaintiff's complaints to a real person.

25. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

26. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

27. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

29. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

30. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

31. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

32. Plaintiff believes and avers that Plaintiff received no less than 5 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

## COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 f, et. seq.

33. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

34. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

35. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

36. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

37. At various times during the Year of our Lord, 2011, Defendant(s) contacted Plaintiff by telephone and violated the above referenced provisions of TCPA.

38. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while the debt collector is attempting to collect a debt.,

39. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

## LIABILITY

40. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

41. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

42. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

43. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

44. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

45. Any mistake made by Defendant would have included a mistake of law.

46. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

47. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

48. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

49. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k, and under TCPA.

50. Plaintiff believes ad avers that Plaintiff is entitled to $1,500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

51. Plaintiff believes and avers that there was at least 1 separate automated telephone calls to his cell phone which were made by Defendant(s), thereby warranting $1,500 in statutory damages.

52. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

53. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

54. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

55. Plaintiff's attorney fees of $1,137.50 at a rate of $350.00 per hour, are enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client, drafting and review of complaint | 1 |
| b. | Service of process and filing of service | .25 |
| c. | Follow up With Defense | 2 |

$$3.25 \times \$350 = \$1,137.50$$

56. Plaintiff's attorney fees continue to accrue as the case move forward.

57. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

58. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

59. Plaintiff seeks injunctive relief barring further unlawful collection activity.

60. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

61. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $3,638.00.

$1.00 actual damages more or less for postage, stationary, fax, etc.

$1,000.00 statutory damages under the FDCPA

$1,500 statutory damages under TCPA

$1,137.50 attorney fees

_____

$3,638.00

Plaintiff seeks such other relief as the Court deems just and fair.

_____    7-11-2011
Vicki Piontek, Esquire         Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| Sahadeo Singh, : |
| 771 Spruce Road : |
| Warminster, PA 18974 : |
|             Plaintiff : |
| Vs. : |
| Midland Credit Management : |
| 8875 Aero Drive, Suite 200 : |
| San Diego, California 92123 : |
| and : |
| John Does 1-10 : |
| and : Jury Trial Demanded |
| X,Y,Z Corporations : |
|             Defendant : |

**VERIFICATION**

I, Sahadeo Singh, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.


_Sahadeo Singh_    _29-06-11_
Sahadeo Singh          Date

Piontek Law Office
951 Allentown Road
Lansdale, PA 19446



7010 1870 0002 9571 1715

U.S. POSTAGE PAID
LANSDALE, PA
19446
JUL 18. 11
AMOUNT
$5.99
00027409-11

Midland Credit Management
8875 Aero Drive
Suite 200
San Diego, CA 92123